UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

KELLEY ANN DOVE,　　　　　　　　　　　　　　No. 13-11778

　　　　　　　　　　　Debtor(s).
_____/

KELLEY ANN DOVE,

　　　　　　　　　　　Plaintiff(s),

　　　　v.　　　　　　　　　　　　　　　　A.P. No. 14-1155

MARTIN McOMBER,

　　　　　　　　　　　Defendant(s).
_____/

Memorandum on Motion to Intervene
_____

　　　　Defendant Martin McOmber is the former bankruptcy attorney of debtor and plaintiff Kelley Dove. In this adversary proceeding, she alleges that McOmber failed to give her required statutory disclosures and that as a result she chose to file a Chapter 7 bankruptcy instead of a Chapter 13. She further alleges that a large marital dissolution debt she owes to her former husband, David Dove, could have been discharged if she had been properly advised to file a Chapter 13.

　　　　David Dove has moved to intervene in this adversary proceeding pursuant to Rule 24(a) of the

1

Federal Rules of Civil Procedure. He alleges that "the damages sought by Plaintiff Kelley Ann Dove ("Plaintiff") are comprised almost entirely of the amount she owes Dove on a non-dischargeable debt. Because of this, Dove has an equitable right to or lien on any recovery Plaintiff receives in this action. Unless he is allowed to intervene, Dove's rights cannot be protected."

David has mis-construed the complaint. It does not seek to recover the property debt he is owed by Kelley. That debt is merely the measure of damages Kelley seeks from McOmber for failing to rid her of her obligation to David. In fact, McOmber's best defense is that David would have vigorously and successfully fought Kelley's attempt to use Chapter 13 to discharge her debt to him. David has no equitable right or lien rights in any proceeds of this adversary proceeding beyond those of any other creditor. Accordingly, David has no right to intervene. *U.S. v. Alisal Water Corp.,* 370 F.2d 915, 920 (9th Cir. 2004).

Nor is permissive intervention appropriate, as David has no claim or defense that shares a common question of law or fact with anyone in this adversary proceeding. The validity of David's claim against Kelley is not at issue here, only McOmber's liability, if any, for failing to discharge it.

For the foregoing reasons, the motion to intervene will be denied, without prejudice to any right David may have, as an ordinary judgment creditor, to impose a lien on any recovery Kelley may receive from McOmber. Counsel for Kelley shall submit an appropriate form of order.

Dated: February 17, 2015

Alan Jaroslovsky
U.S. Bankruptcy Judge

2