UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

KELLEY ANN DOVE,                                    No. 13-11778

                       Debtor(s).
_____/
KELLEY ANN DOVE,

                       Plaintiff(s),

     v.                                                                 A.P. No. 14-1155

MARTIN McOMBER,

                       Defendant(s).
_____/

Memorandum After Trial
_____

I. Background

       Defendant Martin McOmber is the former bankruptcy attorney of debtor and plaintiff Kelley Dove. When Dove hired McOmber to do her bankruptcy, it was largely (if not exclusively) because McOmber represented to her that her debt of $150,000.00 to her former husband arising out of state court marital dissolution proceedings would be discharged in her Chapter 7 bankruptcy. Both before the bankruptcy and for a time after, even in the face of aggressive insistence by the former husband's

counsel, McOmber continued to assure Dove that the debt was dischargeable and she had nothing to worry about.

As every competent bankruptcy attorney knows, debts incurred to a former spouse in the course of state court marital dissolution proceedings are excepted from discharge in Chapter 7 cases by § 523(a)(15) of the Bankruptcy Code. When McOmber was forced to finally concede that he had given Dove bad advice (it actually took an adversary proceeding) and so informed Dove, she was devastated, as she had believed McOmber's repeated assurances that her problems were behind her. High-strung by nature and trying to raise three children, Dove felt that a rug had been pulled out from under her by the admission of her trusted attorney that he had been wrong from the beginning.

Dove filed the present adversary proceeding against McOmber pursuant to § 526(a)(3)(B) of the Code, which provides that a debt relief agency shall not misrepresent to any assisted person the benefits and risks that may result if the person becomes a debtor in bankruptcy. For violation of this section, § 526(c)(2) prescribes forfeiture of fees, actual damages and reasonable attorneys' fees and costs if the attorney is found to have intentionally or negligently failed to comply.[1]

McOmber readily admits that he misrepresented the dischargeability of the former husband's claim, and has refunded his fees. The only real issues before the court relate to damages. McOmber argues that the term "actual damages" does not include emotional distress damages. Dove argues that her debt to her former husband would have been discharged had she filed a Chapter 13 instead of a Chapter 7, so that her damages include that amount. The court finds no merit to either argument.

II. Emotional Distress Damages

McOmber argues that this adversary proceeding is akin to a California court malpractice action

---

[1] "Debt relief agency" includes bankruptcy attorneys. *Milavetz, Gallup & Milavetz,* 329 U.S. 239, 130 S.Ct. 1334 (2010). "Assisted person" is any person whose debts consist primarily of consumer debts and the value of whose nonexempt property is less than $186,825. 11 U.S.C. § 101(3).

2

in which emotional distress damages are not permitted. This argument fails because this adversary proceeding is not a state court malpractice action; it is a federal statutory action. When a federal statute provides for "actual damages," the term can include emotional distress damages, especially when the protection of the statute is limited to individuals. *In re Dawson,* 390 F.3d 1139, 1146 (9th Cir. 2004).

Dove has established the right to damages for her emotional distress. Her own understandable and credible testimony about her distress is corroborated by medical testimony. Manifestations of her distress included depression, anxiety, insomnia and hair loss, for which she needed and obtained medical treatment. She is entitled to compensation for these entirely avoidable consequences of McOmber's misrepresentations.

McOmber's conduct was much worse than merely making a mistake. He repeatedly misrepresented the law to Dove, even after the issue had been raised by other counsel. He masked with false assurances his very disturbing lack of knowledge of bankruptcy law and his lack of diligence in researching an issue he knew to be of great importance to his client. His conduct resulted in the worst possible effect on Dove's mental health when she finally learned the truth. This sort of egregious conduct justifies an award of emotional distress damages. *Dawson,* at 1150.

For the foregoing reasons, the court fixes the amount of Dove's general damages for emotional distress at $20,000.00. As a member of an HMO, she was not charged separately for her treatment so there are no specific medical expenses.

III. Damages for Failure to File Chapter 13.

The court agrees with Dove that she was damaged by McOmber's representations that her debt to her former husband was dischargeable in her Chapter 7 case. However, the court entirely rejects her argument that she could have discharged the debt in Chapter 13, so that her damages include the amount of the debt to her former husband.

Dove has nowhere near the necessary income to fund a plan; her monthly expenses exceed her

3

income by a wide amount. Dove makes the cynical argument that if she had filed a Chapter 13 her father would have given her just enough each month to cover her deficit and allow her to pay a little each month to cover her car, some taxes, her attorneys' fees and trustee fees. She argues that such a plan would be "easily"confirmable despite the good faith requirement of § 1325(a)(3), resulting in discharge of her obligation to her former husband despite no payments to him. Nonsense.

Dove's reliance on *In re Ingram,* 2012 WL 10812 (Bkrtcy.N.D.Cal. 2012), aff'd 482 B.R. 313 (N.D.Cal. 2012), is misplaced. The issue before the court in that case was how much scrutiny the court would give a Chapter 13 plan in the absence of any creditor objection.[2] The slight scrutiny the court exercised there is not applicable to a case like Dove's where there is an active objecting creditor represented by aggressive and knowledgeable counsel.

Where a debtor attempts to use Chapter 13 to discharge a debt which would not be dischargeable in Chapter 7, the debtor bears a heavy burden of demonstrating good faith. It is within the court's discretion to deny confirmation of a Chapter 13 plan intended to discharge debt not subject to discharge in Chapter 7, especially where the motivation and sincerity of the debtor are called into question. *In re Ingram,* 482 B.R. at 319; *In re Padilla,* 213 B.R. 349, 353 (9th Cir. BAP 1997).

All of this court's written decisions since 1987 are available to the public, either in print or electronically. The court stated its consistent view of the law in *In re Carr,* No. 04-10874:

> Whether a plan is proposed in good faith is determined on a case-by-case basis. However, the burden of establishing good faith is on the debtor. This burden is particularly heavy when a "superdischarge" is sought--i.e., the discharge of debts that would not be dischargeable in a chapter 7 case. *In re Padilla*, 213 B.R. 349, 352 (9th Cir.BAP 1997). The bankruptcy court must consider the totality of circumstances, including prepetition conduct, in deciding whether the debtor has acted equitably, before it can make a finding of good faith. *In re Tucker*, 989 F.2d 328, 330 (9th Cir. 1993); *In re Goeb*, 675 F.2d 1386, 1390 (9th Cir.1982).

In that case, the court declined to confirm a Chapter 13 plan which would have paid a forty cents on the dollar. It is therefore highly unlikely that Dove could have convinced the court to confirm her plan

---

[2]The debtor in *Ingram* was represented by Dove's law firm. This court's decision denying confirmation of the Chapter 13 plan was affirmed by the district court.

4

which paid her former husband nothing. It is of course possible that Dove could have prevailed on appeal, but decisions denying confirmation of a plan are reviewed on a clearly erroneous standard. Thus, the possibility that Dove could have had her Chapter 13 plan confirmed is remote.

IV. Other Damages

Dove is certainly entitled to recover the fees she paid to McOmber, but these have been voluntarily refunded. Dove claims as damages $7,500.00 credited to the amount she owed her former husband and $2,827.29 in taxes dischargeable in Chapter 13 but not Chapter 7, but these damages fail due to the unlikelihood that Dove could have obtained confirmation of a Chapter 13 plan. She claims $3,000.00 in damages due to McOmber's negligent failure to file reaffirmation papers regarding her car, but the court finds this conduct only negligence, and not a violation of § 526, § 527 or § 528, and accordingly does not award these damages in this adversary proceeding.[3]

V. Unresolved Matters

McOmber was evidently concerned that the court would buy Dove's argument that she could have discharged her former husband's debt in Chapter 13. It therefore purchased the claim from the former husband at a discount as a hedge against this possibility. Since the court finds that Dove could not have obtained confirmation of a Chapter 13 plan discharging her former husband's claim, the purchase proved unnecessary. Whether McOmber is entitled to any kind of setoff against Dove's damages or attorneys' fees has not been briefed or argued.

Pursuant to § 526(c)(2), Dove is entitled to attorneys' fees if she files a timely motion pursuant

---

[3] Dove argues that there is liability under § 526(a)(3)(A) because McOmber misrepresented the services he would provide. The court finds that McOmber truthfully represented that he would handle the reaffirmation; Dove's damages are due to his negligence in handling the matter, not any misrepresentation as to the scope of his services.

5

to Civil Local Rule 54-5. The court does not award them at this time, nor does the court rule on the effect of an offer of judgment McOmber says he made pursuant to Rule 7068 of the Federal Rules of Bankruptcy Procedure.

VI. Conclusion

The court finds that Dove has been damaged in the amount of $20,000.00 by McOmber's violation of § 526(a)(3)(a) by negligently misrepresenting that her debt to her former husband would be discharged in the Chapter 7 case he filed for her. The court finds it unlikely that Dove could have obtained confirmation of a Chapter 13 plan, and therefore declines to award her any further damages. Dove shall recover her reasonable attorneys' fees and costs of suit, subject to any setoff rights McOmber may establish and the effect, if any, of his pretrial offer of judgment.

This memorandum constitutes the court's findings and conclusions pursuant to FRCP 52(a) and FRBP 7052. Counsel for Dove shall submit an appropriate form of judgment after post-trial motions have been decided.

Dated: May 17, 2016

Alan Jaroslovsky
U.S. Bankruptcy Judge