UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

KELLEY ANN DOVE,                      No. 13-11778

                 Debtor(s).
_____/

KELLEY ANN DOVE,

                 Plaintiff(s),

       v.                              A.P. No. 14-1155

MARTIN McOMBER,

                 Defendant(s).
_____/

Memorandum on Defendant's Motion for Post-Offer Costs
_____

       Defendant Martin McOmber alleges that he filed a timely offer of judgment pursuant to Rule 68 of the Federal Rules of Civil Procedure and that the judgment plaintiff Kelley Dove obtained was less than his offer, so that he is entitled to recover his post-offer costs. Dove argues that the offer was fatally defective. The court agrees.

       The requirements of a valid Rule 68 offer are simple: it must (1) specify a definite sum for which judgment may be entered, (2) be unconditional, and (3) include costs then accrued. *Herrington*

1

*v. County of Sonoma,* 12 F.3d 901, 907 (9th Cir. 1993); *Daniel F., et al., v. Blue Shield of Calif.,* 2016 WL 1059459*14 (N.D.Cal. 2016). McOmber's offer failed to meet at least two of these requirements.

First, the offer was not an offer to allow judgment on specified terms. It provided that plaintiff must "execute and transmit a settlement agreement and general release, which contains a California Civil Code section 1542 waiver by [plaintiff] in favor of [defendant], that meets with [defendant's] approval." The provision that the settlement agreement must meet with defendant's approval meant that not all of the terms were specified as required by the Rule and that the offer was conditional.

Second, the offer provided that plaintiff and defendant must bear their own costs. An offer made pursuant to Rule 68 must include all costs properly awardable under the relevant substantive statute. 21A **Fed.Proc.L.Ed**., Judgments and Orders § 51:35, citing *Marek v. Chesney,* 473 U.S. 1, 6 (1985). The Court in that case held: "As long as the offer does not implicitly or explicitly provide that the judgment *not* include costs, a timely offer will be valid."[Emphasis in the original]. Since defendant's offer explicitly excluded costs, it was not a valid Rule 68 offer of judgment.

For the foregoing reasons, defendant's motion will be denied. Counsel for plaintiff shall submit a form of order so providing.

Dated: August 2, 2016

                                                                     _____
                                                                     Alan Jaroslovsky
                                                                     U.S. Bankruptcy Judge

2

Case: 14-01155   Doc# 65   Filed: 08/02/16   Entered: 08/02/16 15:51:51   Page 2 of 2