1
2
3
4
5
6
7 UNITED STATES BANKRUPTCY COURT

8 NORTHERN DISTRICT OF CALIFORNIA

9 In re

10 KELLEY ANN DOVE,                                                    No. 13-11778

11                                            Debtor(s).
   _____/
12 KELLEY ANN DOVE,

13

14                                            Plaintiff(s),

15             v.                                                    A.P. No. 14-1155

16 MARTIN McOMBER,

17                                            Defendant(s).
   _____/
18

19        Memorandum on Defendant's Motion for Payment of Reasonable Expenses
                                    _____

20

21        Prior to trial, plaintiff Kelly Dove asked defendant Martin McOmber to admit that Dove

22 suffered emotional distress as a result of McOmber's violations of  § 526 et seq. of the  Bankruptcy

23 Code.  Dove proved the allegation at trial and was awarded $20,000 on account of her emotional

24 distress.  She now seeks recovery pursuant to Rule 37(c)(2)(C) of the Federal Rules of Civil Procedure

25 of $5,350 in expert witness fees she incurred proving her emotional distress.

26        The court finds no merit to Dove's motion for two reasons.  First, it was reasonable for

                                              1

McOmber to believe that he might prevail on the matter.  Second, the request for admissions asked McOmber to admit a material fact in dispute and outside the scope of his knowledge.

The test for sanctions under Rule 37(c) is whether the party reasonably believed that it might prevail at trial, regardless of whether it actually prevailed. *Marchand v. Mercy Medical Center*, 22 F.3d 933, 937 (9th Cir. 1994). Where the court determines the party's failure to admit was based on a good-faith argument, sanctions are not warranted. 10A **Fed. Proc. L. Ed.**, Depositions and Discovery, §26:829. *Comeaux v. Brown & Williamson* 915 F. 2d 1264, 1275 (9th Cir. 1990).  In a personal injury action, Rule 37(c) sanctions are not appropriate for failure to admit damages where there was a reasonable argument regarding causation. *Leas v. General Motors Corp.,* 50 F.R.D. 366, 368-69 (E.D. Wis. 1970).

As her former lawyer, McOmber was aware that Dove had a volatile relationship with her ex-husband. Dove testified herself that she was in a fractured emotional state when she hired McOmber because of her rocky divorce, custody battle, and the related financial stress. Understanding that Dove was under a enormous amount of stress because of factors unrelated to McOmber's malpractice, it was reasonable for him to believe that he might prevail on her allegations that he was the cause of her emotional distress.

Moreover, the duty of inquiry in answering a request for admission is "limited to obtaining information from persons and entities over which the party has actual control." *U.S. ex rel. Englund v. Los Angeles County,* 235 F.R.D. 675, 685 (E.D. Cal. 2006).  The responding party is not required to admit the truth of facts which are exclusively within the knowledge of the requesting party. 10A **Fed. Proc. L. Ed.**, Depositions and Discovery, §26:733. *Concerned Citizens of Belle Haven v. Belle Haven Club*, 223 F.R.D. 39, 44 (D. Conn. 2004).   McOmber had no way of knowing if Dove's allegations of emotional distress were true, so he is not liable for Dove's expenses in proving them.

For the foregoing reasons, Dove's motion will be denied.  Counsel for McOmber shall submit an appropriate form of order.

2

Dated:  August 4, 2016

Alan Jaroslovsky
U.S. Bankruptcy Judge

3