UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

KELLEY ANN DOVE,                               No. 13-11778

                          Debtor(s).
_____/

KELLEY ANN DOVE,

                          Plaintiff(s),

                v.                                   A.P. No. 14-1155

MARTIN McOMBER,

                          Defendant(s).
_____/

Memorandum on Defendant's Motion for Recovery of Expert Witness Fees
_____

      Plaintiff Kelley Dove alleged at trial that she could have had a Chapter 13 plan confirmed despite having no disposable income, arguing that her father would have advanced her enough to fund a Chapter 13 plan. The court utterly rejected this argument. Despite loss on this issue, she seeks to recover expert witness fees in the amount of $10,442.10 for the testimony of David Jenkins using Rule 37(c)(2)(C) of the Federal Rules of Civil Procedure. Dove argues that David Jenkins's testimony was required to prove facts, denied by McOmber during discovery, relating to McOmber's violations of §

1

526, § 527, and § 528.  This argument fails for two reasons: First, McOmber admitted these violations in his discovery responses on February 8, 2016, well before Jenkins's April 25, 2016, deposition and the May 5, 2016, trial.  Second, in his deposition and at trial, Mr. Jenkins primarily testified about whether Dove could have confirmed a Chapter 13 plan.  The court found unequivocally that Dove could not have confirmed a Chapter 13 plan.

The court feels the need to reiterate its complete rejection of Dove's argument that she could have obtained confirmation of a Chapter 13 plan.  Just because in some cases some courts have considered donations from relatives as part of disposable income does not mean a court *must* do so.  It is one thing to consider donations from relatives where the purpose of the plan is to save the family home and quite another to consider such donations where the purpose of the plan is to shaft a former spouse.  Moreover, for the court to have considered the donations of Dove's father as income under these circumstances would have effectively placed Dove's father in the position of dictating the dividend to creditors. The court finds this proposal to be wholly repulsive.

For the foregoing reasons, Dove's motion to recover the fees of David Jenkins will be denied.  Counsel for McOmber shall submit an appropriate form of order.

Dated:  August 15, 2016

Alan Jaroslovsky
U.S. Bankruptcy Judge

2