UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

KELLEY ANN DOVE,                               No. 13-11778

                  Debtor(s).
_____/

KELLEY ANN DOVE,

                  Plaintiff(s),

       v.                                     A.P. No. 14-1155

MARTIN McOMBER,

                  Defendant(s).
_____/

Memorandum on Plaintiff's Request for Attorney's Fees
_____

      This adversary proceeding was brought by plaintiff Kelley Dove against her bankruptcy attorney, defendant Martin McOmber, pursuant to § 526(c) of the Bankruptcy Code, which provides that for any negligent or intentional violation of § 526, § 527 or § 528 a debt relief agency is liable to a debtor for any fees paid, plus actual damages, reasonable attorneys' fees and costs. While usually invoked against petition preparers, the provisions apply equally to attorneys.

      As a result of this adversary proceeding, McOmber returned the fees he had charged Dove

1

1  (about $2,000.00) and purchased and apparently forgave a claim against Dove for $209,000.00 which
2  Dove had owed to her former husband. After trial, the court awarded Dove $20,000.00 for her
3  emotional distress. Her motion for attorneys' fees of $160,984.00 is now before the court.

4  McOmber raises three objections to Dove's request for attorneys' fees. First, he argues that the
5  fees are excessive in light of the complexity of the case and the results obtained. Second, he argues
6  that the court should exercise its discretion to reduce the fees because of Dove's "limited success."
7  Third, he argues that work Dove's counsel performed on claims not directly related to her claims
8  against McOmber as a result of his statutory obligations to her are not properly included. The court
9  finds merit to the third of these arguments but not the other two.

10  Dove's case was anything but simple. In many ways, she was proceeding in uncharted territory
11  by asserting claims under § 526 of the Bankruptcy Code rather pursuing a malpractice action in state
12  court. As a result of the action, she recovered $22,000.00 and has $209,000.00 less nondischargeable
13  debt. Even giving her credit at the discounted amount McOmber actually paid to purchase the
14  nondischargeable debt, a high five-figure or low six-figure award of attorneys' fees is entirely
15  reasonable considering the complexity of the case and the results obtained.

16  McOmber argues that because Dove unsuccessfully argued that she could have obtained
17  confirmation of a Chapter 13 plan but for his poor advice she had only "limited success" and her fees
18  ought to be reduced. However, he ignores the fact that he was worried enough about the success of the
19  argument to purchase and forgive the debt Dove argued she could have discharged in Chapter 13.
20  Thus, as the result of her lawsuit Dove substantially achieved the result she sought. Where litigation
21  results in "mission accomplished," a court does not abuse its discretion in refusing to reduce a
22  plaintiff's award of attorneys' fees. *Sorenson v. Mink,* 239 F.3d 1140, 1147 (9th Cir. 2001).

23  The court agrees with McOmber in one important issue. After Dove had her bankruptcy case
24  reopened in order to bring this adversary proceeding, dispute arose between Dove and the bankruptcy
25  trustee as to whether any recovery belonged to Dove personally or her bankruptcy estate. Dove and
26  the trustee litigated at some length over the issue, both in the base case and in a separate adversary

2

proceeding Dove filed against the trustee.  In the end, the dispute was resolved by a compromise.  For reasons the court finds entirely unjustified, Dove has included time her attorneys spent in that dispute as part of her fee request in this case.  While an exact determination is difficult, it appears that about 30 hours of time spent on Dove's dispute with the trustee has been included in Dove's application and needs to be backed out.  The court will accordingly disallow $15,600.00 of the fees sought.

Likewise, the fees sought include about $6,000.00 incurred in filing a state court malpractice action and then negotiating a tolling agreement with McOmber.  Such fees are not related to damages incurred by McOmber's violation § 526 et al., and are therefore not recoverable in this case.

For the foregoing reasons, Dove will recover her attorneys' fees in the amount of $139,384.00.  Counsel for Dove shall submit an appropriate form of order.

Dated:  August 16, 2016

Alan Jaroslovsky
U.S. Bankruptcy Judge